USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/17/2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

BUILDING SERVICE 32BJ HEALTH FUND,

                                          Plaintiff,

                -against-

HUGHES CONTRACTING INDUSTRIES LTD.,

                                          Defendant.

-----------------------------------------------------------------X

14-CV-09581 (SN)

**OPINION & ORDER**

**SARAH NETBURN, United States Magistrate Judge:**

On March 31, 2017, the Court granted summary judgment to Plaintiff and found that Plaintiff was entitled to $799,129.54 under 29 U.S.C. § 1132(g)(2)(A). ECF No. 56. The Court also directed Plaintiff to submit a proposed final order of judgment, including the applicable statutory interest and liquidated damages, which it did on April 13, 2017. ECF No. 57–58. Plaintiff has also moved for attorneys' fees on April 26, 2017. ECF No. 60–61. Defendant Hughes Contracting Industries Ltd. has not opposed either the interest calculations or the attorneys' fees application. For the following reasons, Plaintiff's motion for mandatory statutory interest, liquidated damages, and attorneys' fees is GRANTED. A final judgment shall issue separately.

## DISCUSSION

### I. Statutory Interest and Liquidated Damages

Section 502(g) of ERISA provides that upon finding a violation of section 515, "the court shall award the plan" the following:

    (A) the unpaid contributions,
    (B) interest on the unpaid contributions,

>     (C) an amount equal to the greater of—
>         (i) interest on the unpaid contributions, or
>         (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
>     (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
>     (E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132 (g)(2)(B).

"The special remedy against employers who are delinquent in meeting their contractual obligations that is created by § 502(g)(2) includes a mandatory award of prejudgment interest plus liquidated damages in an amount at least equal to that interest, as well as attorney's fees and costs." Laborers Health & Welfare Trust Fund v. Advanced Lightweight Concrete Co., 484 U.S. 539, 547 (1988). ERISA provides that interest shall be calculated using the rate in the relevant benefit plan, or if the plan sets no such rate, a prescribed statutory rate. 29 U.S.C. § 1132(g)(2); 26 U.S.C. § 6621.

Under the Plaintiff's collection policy for delinquent contributions, the rate of interest charged on unpaid or late contributions was 6% per annum between January 1, 2009 and July 31, 2012, and 9% per annum effective August 1, 2012. ECF No. 58, Geffner Decl. at ¶ 7; ECF No. 58-4 at 6 (minutes from Fund's July 23, 2012 Executive Committee meeting adopting new collections policy).

In support of their interest calculations, Plaintiff has submitted summaries concerning the three audits at issue in this litigation. The audit covering the period January 1, 2009, through December 31, 2010, reports delinquent principal contributions of $200,872.00 and interest to date of $113,197.49. ECF No. 58, Geffner Decl. at ¶ 3, ECF No. 58-1. The audit covering the period January 1, 2011, through May 31, 2013, reports delinquent principal contributions of $248,400.54 and interest to date of $86,861.33. ECF No. 58, Geffner Decl. at ¶ 4, ECF No. 58-2.

The audit covering the period June 1, 2013, to May 31, 2015, reports delinquent principal contributions of $364,185.00 and interest to date of $61,171.91. ECF No. 58, Geffner Decl. at ¶ 5, ECF No. 58-3. According to Plaintiff's calculations, the total amount of interest that they are entitled to is $261,230.73. ECF No. 58, Geffner Decl. at ¶ 6.

In light of the Defendant's failure to oppose the audit conclusions, the Court accepts the Plaintiff's calculations as reasonable.

Pursuant to 29 U.S.C. § 1132 (g)(2)(C), Plaintiff is additionally entitled to the greater of the interest calculated under § 1132 (g)(2)(B) or liquidated damages on the total amount of unpaid contributions in an amount not to exceed 20 percent. In this case, the amount of interest, $261,230.73, is greater than $159,825.90, 20 percent of the principal figure of $799,129.54. Accordingly, Plaintiff is entitled to an additional $261,230.73, for a total interest and liquidated damages figure of $522,461.46.

## II. Attorneys' Fees and Costs

Plaintiff also seeks to recover attorneys' fees in the amount of $24,975.00 for 111 hours of work by Raab, Sturm, & Ganchrow associate Michael Geffner and costs in the amount of $859.03. A district court must award attorneys' fees and costs in a successful ERISA action that results in judgment in favor of the plan. See 29 U.S.C. § 1132(g)(2)(D); Labarbera v. Clestra Hauserman, Inc., 369 F.3d 225, 226 (2d Cir. 2004) ("In that case, the statute renders fees and costs mandatory: 'the court shall award the plan' reasonable fees and costs.").

An attorney is entitled to a "presumptively reasonable fee" for work performed. Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 522 F.3d 182, 190 (2d Cir. 2008). A court may determine the reasonable hourly rate by relying both on "its own knowledge of comparable rates charged by lawyers in the district," Morris v. Eversley, 343 F. Supp. 2d 234,

245 (S.D.N.Y. 2004), as well as on "evidence proffered by the parties." Farbotko v. Clinton Cnty., 433 F.3d 204, 209 (2d Cir. 2005). "[C]urrent rates, rather than historical rates, should be applied in order to compensate for the delay in payment." LeBlanc–Sternberg v. Fletcher, 143 F.3d 748, 764 (2d Cir. 1998). The process for determining an attorneys' fee award "is really a four-step one, as the court must: (1) determine the reasonable hourly rate; (2) determine the number of hours reasonably expended; (3) multiply the two to calculate the presumptively reasonable fee; and (4) make any appropriate adjustments to arrive at the final fee award." Bldg. Serv. 32BJ Health Fund v. Renaissance Equity Holdings, LLC, No. 08-CIV-9264 (DC), 2010 WL 1438117, at *2 (S.D.N.Y. Apr. 9, 2010).

Raab, Sturm, & Ganchrow is a firm specializing in labor and employment law with a significant focus on ERISA litigation. Geffner Decl. ¶ 3, ECF No. 60. Geffner himself is an experienced associate who has been admitted to practice in the Southern District of New York since 1980, and seeks a "reduced rate of $225 per hour," which he represents is the rate that he bills Plaintiff. Id. at ¶ 5. Geffner represents that he spent 111 hours working on this case from May 2015 to present. Id. He also notes that, while the complaint was filed in December 2014, the hours from the attorney who handled the case from December 2014 to May 2015 are unavailable because the lawyer left the firm without adequately documenting them. Id. at ¶ 6.

The rate requested by Geffner is reasonable and is at or below the average awarded in ERISA cases in this and neighboring districts. In 2010, Raab, Sturm, & Ganchrow members Ira A. Strum and Ari Ganchrow were awarded $275 and $250 per hour, respectively, in a similar ERISA collection matter. Bldg. Serv. 32BJ Health Fund v. Renaissance Equity Holdings, LLC, No. 08-CV-9264 (DC), 2010 WL 1438117, at *4 (S.D.N.Y. Apr. 9, 2010). Judge Chin characterized these sums as "below-market rates for their work based upon the reduced rates that

they typically charge the funds" and found that they were "reasonable for this type of case." Id. (citing Tr. of the E. States Health & Welfare Fund v. Crystal Art Corp., No. 00–CV-0887 (NRB), 2004 WL 1118245, at *6 (S.D.N.Y. May 19, 2004) (approving $350 per hour for a named partner with approximately 30 years litigation experience; $275 per hour for another partner; and $200 for associates); Veltri v. Bldg. Servs. 32BJ Pension Fund, No. 02–CV-4200 (HB), 2004 WL 856329, at *4 (S.D.N.Y. Sept.16, 2003) (approving rate of $325 per hour); I.L.G.W.U. Nat'l Ret. Fund v. ESI Group, Inc., No. 92–CV-0597(PKL), 2003 WL 135797, at *3 (S.D.N.Y. Jan.17, 2003) (approving rate of $350 per hour for partner with over 20 years of experience)). Similar or higher rates have been awarded in more recent ERISA cases involving delinquent benefits contributions. See, e.g., Trustees of Sheet Metal Workers' Nat'l Pension Fund v. Accurate Signs & Awnings, Inc., No. 13-CV-7081 (ARR)(VMS), 2017 WL 1183998, at *7 (E.D.N.Y. Mar. 10, 2017), report and recommendation adopted, 2017 WL 1184119 (E.D.N.Y. Mar. 29, 2017) (awarding $300 per hour for experienced partner and $225 per hour for an associate with six years of experience); Sheet Metal Workers' Nat. Pension Fund v. Maximum Metal Manufacturers Inc., No. 13-CV-7741 (PAE), 2015 WL 4935116, at *10 (S.D.N.Y. Aug. 18, 2015) (awarding same amounts to same attorneys in Accurate Signs & Awnings case).

In terms of the hours spent on the case by Geffner, however, some reduction is warranted. Most of the time records submitted are in one-hour increments (or, in some cases, half-hour increments). Typically, in this District, lawyers bill their time in one-tenth of an hour (or 6 minute) increments. And there is a 19-hour chunk of block billing concerning research and drafting of a reply motion over multiple days. These deficiencies make it difficult to assess the reasonableness of the attorney's time. There is also a suggestion that the firm's attorneys were

not encouraged to maintain contemporaneous records because the firm is unable to account for the time expended by an attorney who has since left.

At the same time, the overall quantum of hours sought is not altogether unreasonable. The case involved settlement discussions, document discovery, two days of depositions of defendant's president Anthony Russo, an amendment of the complaint, summary judgment briefing, and a motion to the bankruptcy court to lift the automatic stay to permit adjudication of these claims.

In recognition of the billing deficiencies but the overall reasonableness of the hours worked, the Court applies a five percent reduction to Geffner's hours and awards $23,726.25.

Furthermore, Plaintiff is entitled to recover the costs incurred in prosecuting this action. See 29 U.S.C. § 1132(g)(2)(D) (costs awards mandatory in ERISA delinquent benefits collections cases); 28 U.S.C. § 1920 (defining costs); King v. JCS Enterprises, Inc., 325 F. Supp. 2d 162, 171 (E.D.N.Y. 2004) ("Costs . . . and include filing and subpoena fees, as well as costs of transcripts, printing, making copies, and disbursements for witnesses."). In this case, Plaintiff seeks reimbursement for $859.03, consisting of the $400 filing fee in commencing this action and the $459.03 in costs incurred in paying for deposition transcripts of defendant's president Anthony Russo. See ECF No. 60-2, 60-3. The Court awards these costs as they are reasonable and relate to expenses covered in 28 U.S.C. § 1920.

## CONCLUSION

The Court approves Plaintiff's request for an award of $261,230.73 in interest on the unpaid contributions pursuant to 29 U.S.C. § 1132(g)(2)(B), $261,230.73 in liquidated damages pursuant to 29 U.S.C. § 1132(g)(2)(C), and $24,585.28 in attorneys' fees and costs pursuant to

29 U.S.C. § 1132(g)(2)(D). A final judgment shall issue separately. The Clerk of Court is respectfully requested to close Dkt. No. 60.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:           May 17, 2017
                     New York, New York